Case 2:16-cv-00459-JDL   Document 1   Filed 09/09/16   Page 1 of 13   PageID #: 1

# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

CIVIL ACTION NO:

| | |
|---|---|
| **U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust** | |
| **Plaintiff** | **COMPLAINT** |
| vs. | RE:<br>23 Blossom Drive, Minot, ME 04258 |
| **Michael E. Whalen and Karen L. Whalen**<br>**Defendants** | Mortgage:<br>October 20, 2004<br>Book 6118, Page 55 |
| **Michael E. Whalen**<br>**Party-in-Interest** | |

NOW COMES the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, by and through its attorneys, Doonan, Graves & Longoria, LLC, and hereby complains against the Defendants, Michael E. Whalen and Karen L. Whalen, as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant 28 U.S.C. § 1332(a)(1) (Diversity) because the Plaintiff and Defendants are citizens of different states and the matter in controversy exceeds the sum or value of seventy-five thousand and 00/100 dollars ($75,000.00), exclusive of interest and costs.  Any Court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought under 28 U.S.C. § 2201.

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the object of this litigation is a Note executed under seal currently owned and held by U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, in which the Defendants are the obligors and the total amount owed under the terms of the Note is three hundred forty-six thousand, eight hundred sixty dollars and sixty-two cents ($346,860.62), plus attorney fees and costs associated with the instant action; thus, the amount in controversy exceeds the jurisdictional threshold of seventy-five thousand dollars ($75,000.00).

3. Venue is properly exercised pursuant to 28 U.S.C. §1391(b)(2) insofar as all or a substantial portion of the events that give rise to the Plaintiff's claims transpired in Maine and the property is located in Maine.

## PARTIES

4. U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust is a corporation organized under the laws of the State of Delaware, with its principal place of business located at 13801 Wireless Way, Oklahoma City, Oklahoma 73134

5. The Defendant, Karen L. Whalen, is a resident of Stephentown, County of Rensselaer and State of New York.

6. The Defendant, Michael E. Whalen, is a resident of Minot, County of Androscoggin and State of Maine.

7. The Party-in-Interest, Michael E. Whalen, is a resident of Minot, County of Androscoggin and State of Maine.

## FACTS

8. On May 23, 2000, by virtue of a Warranty Deed from B & M Developers, Inc., which is recorded in the Androscoggin County Registry of Deeds in **Book 4439, Page 148**, the property situated at 23 Blossom Drive, County of Androscoggin, and State of Maine, was conveyed to the Defendants, Michael E. Whalen and Karen L. Whalen, being more particularly described by the attached legal description.  *See* Exhibit A (a true and correct copy of the legal description is attached hereto and incorporated herein).

9. On October 20, 2004, the Defendants, Michael E. Whalen and Karen L. Whalen executed and delivered to Bank of America, N.A. a certain Note in the amount of three hundred one thousand, five hundred dollars and zero cents ($301,500.00) (herein after referred to as the "Note").  *See* Exhibit B (a true and correct copy of the Note is attached hereto and incorporated herein).

10. To secure said Note, on October 20, 2004, the Defendants, Michael E. Whalen and Karen L. Whalen, executed a Mortgage in favor of Bank of America, N.A., securing the property located at 23 Blossom Drive, Minot, ME 04258 which Mortgage is recorded in the Androscoggin County Registry of Deeds in **Book 6118, Page 55** (herein after referred to as the "Mortgage").  *See* Exhibit C (a true and correct copy of the Mortgage is attached hereto and incorporated herein).

11. The Mortgage was then assigned to U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust by virtue of an Assignment of Mortgage dated May 7, 2015 and recorded in Androscoggin County Registry of Deeds **Book 9135, Page 132**. *See* Exhibit D (a true and correct copy of the Assignment of Mortgage is attached hereto.)

12. Michael E. Whalen is a Party-in-Interest due to a Quitclaim Deed of the subject property from Karen L. Whalen dated March 1, 2016 and recorded in the Androscoggin County Registry of Deeds in **Book 9316, Page 267.**

13. On June 24, 2016, the Defendants, Michael E. Whalen and Karen L. Whalen, were sent a Notice of Mortgagor's Right to Cure, as evidenced by a Certificate of Mailing (herein after referred to as the "Demand Letter"). *See* Exhibit E (a true and correct copy of the Notice and Certificate of Mailing is attached hereto and incorporated herein).

14. The Demand Letter informed the Defendants, Michael E. Whalen and Karen L. Whalen, of the payment due date, the total amount necessary to cure the default, and the deadline by which the default must be cured, which was thirty-five (35) days from receipt of the Demand Letter. *See* Exhibit E.

15. The Defendants, Michael E. Whalen and Karen L. Whalen, have failed to cure the default prior to the expiration of the Demand Letter.

16. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is the present holder of the Note pursuant to possession of the Note in conformity with 11 M.R.S. § 3-1201, et seq., 10 M.R.S. § 9416, and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929).

17. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is the lawful holder and owner of the Note and Mortgage.

18. The total debt owed under the Note and Mortgage as of September 22, 2016, if no payments are made, is three hundred forty-six thousand, eight hundred sixty dollars and sixty-two cents ($346,860.62), which includes Unpaid Principal in the amount of three hundred eleven thousand, four hundred seventy-eight and thirty seven cents ($311,478.37); Interest Due in the amount of five thousand, nine hundred eighty-eight and 52/100

($5,988.52) dollars; Escrow/Impound Advances in the amount of three hundred seventy-seven and 95/100 ($377.95) dollars; FHA/ MI Premium Due in the amount of one hundred and 50/100 ($100.50); Late Charges Due in the amount of two hundred, seventy- two and 51/100 ($272.51); Deferred Amounts total fees in the amount of twenty-eight thousand, six hundred seventy-five and 91/100 ($28,675.91) dollars; Funds to be Credited in the amount of three hundred fifty-six and 64/100 ($356.64); and Total Advances in the amount of three hundred, twenty-three and 50/100 ($323.50).

19. Upon information and belief, the Defendants, Michael E. Whalen and Karen L. Whalen, are presently in possession of the subject property originally secured by the Mortgage.

## COUNT I – FORECLOSURE

20. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust repeats and realleges paragraphs 1 through 19 as if fully set forth herein.

21. This is an action for foreclosure respecting a real estate related mortgage and title located at 23 Blossom Drive, Town of Minot, County of Androscoggin, and State of Maine.  *See* Exhibit A.

22. The Plaintiff is the holder of the Note referenced in Paragraph 9 pursuant to endorsement by the previous holder (if applicable) and physical possession of the aforesaid note in conformity with Title 11, section 3-1201, et seq. Of the Maine Revised Statutes and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929).  As such, the Plaintiff has the right to foreclosure upon the subject property.

23. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is the current owner and investor of the aforesaid Mortgage and Note.

24. The Defendants, Michael E. Whalen and Karen L. Whalen, are presently in default on said Mortgage and Note, having failed to make the monthly payment due March 1, 2016, and all subsequent payments, and, therefore, have breached the condition of the aforesaid Mortgage and Note.

25. The total debt owed under the Note and Mortgage as of September 22, 2016, if no payments are made, is three hundred forty-six thousand, eight hundred sixty and 62/100 ($346,860.62) dollars, which includes Unpaid Principal in the amount of three hundred eleven thousand, four hundred seventy-eight and 37/100 ($311,478.37) dollars; Interest Due in the amount of five thousand, nine hundred eighty-eight and 52/100 ($5,988.52) dollars; Escrow/Impound Advances in the amount of three hundred seventy-seven and 95/100 ($377.95) dollars; FHA/ MI Premium Due in the amount of one hundred and 50/100 ($100.50); Late Charges Due in the amount of two hundred, seventy- two and 51/100 ($272.51); Deferred Amounts total fees in the amount of twenty-eight thousand, six hundred seventy-five and 91/100 ($28,675.91) dollars; Funds to be Credited in the amount of three hundred fifty-six and 64/100 ($356.64); and Total Advances in the amount of three hundred, twenty-three and 50/100 ($323.50).

26. The record established through the Androscoggin County Registry of Deeds indicates that there are no public utility easements recorded subsequent to the Mortgage and prior to the commencement of these proceedings affecting the mortgaged premises at issue herein.

27. By virtue of the Defendants' breach of condition, the Plaintiff hereby demands a foreclosure on said real estate.

28. Notice in conformity with 14 M.R.S.A. §6111 was sent to the Defendants on June 24, 2016, as evidenced by a Certificate of Mailing. *See* Exhibit E.

29. The Defendants are not in the Military as evidenced by the attached Exhibit F.

## COUNT II – BREACH OF NOTE

30. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, repeats and re-alleges paragraphs 1 through 29 as if fully set forth herein.

31. On October 20, 2004, the Defendants, Michael E. Whalen and Karen L. Whalen, executed and delivered to Bank of America, N.A. a certain Note in the amount of Three Hundred One Thousand Five Hundred Dollars and 00/100 cents ($301,500.00). *See* Exhibit B.

32. The Defendants, Michael E. Whalen and Karen L. Whalen, are in default for failure to properly tender the March 1, 2016 payment and all subsequent payments. *See* Exhibit E.

33. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is the proper holder of the Note and is entitled to enforce the terms and conditions of the Note due to its breach by the Defendants, Michael E. Whalen and Karen L. Whalen.

34. The Defendants, Michael E. Whalen and Karen L. Whalen, having failed to comply with the terms of the Note and Mortgage, are in breach of both the Note and the Mortgage.

35. The Defendants, Michael E. Whalen and Karen L. Whalen's, breach is knowing, willful, and continuing.

36. The Defendants, Michael E. Whalen and Karen L. Whalen's, breach has caused the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, to suffer actual damages, including, but not limited to money lent, interest, expectancy damages, as well as attorney's fees and costs.

37. The total debt owed under the Note and Mortgage as of September 22, 2016, if no payments are made, is three hundred forty-six thousand, eight hundred sixty and 62/100 ($346,860.62) dollars, which includes Unpaid Principal in the amount of three hundred eleven thousand, four hundred seventy-eight and 37/100 ($311,478.37) dollars; Interest Due in the amount of five thousand, nine hundred eighty-eight and 52/100 ($5,988.52) dollars;

Escrow/Impound Advances in the amount of three hundred seventy-seven and 95/100 ($377.95) dollars; FHA/ MI Premium Due in the amount of one hundred and 50/100 ($100.50); Late Charges Due in the amount of two hundred, seventy- two and 51/100 ($272.51); Deferred Amounts total fees in the amount of twenty-eight thousand, six hundred seventy-five and 91/100 ($28,675.91) dollars; Funds to be Credited in the amount of three hundred fifty-six and 64/100 ($356.64); and Total Advances in the amount of three hundred, twenty-three and 50/100 ($323.50).

38. Injustice can only be avoided by awarding damages for the total amount owed under the Note including interest, plus costs and expenses, including attorney fees.

## COUNT III – BREACH OF CONTRACT, MONEY HAD AND RECEIVED

39. U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust repeats and re-alleges paragraphs 1 through 38 as if fully set forth herein.

40. By executing, under seal, and delivering the Note, the Defendants, Michael E. Whalen and Karen L. Whalen, entered into a written contract with Bank of America, N.A. who agreed to loan the amount of Three Hundred One Thousand Five Hundred Dollars and 00/100 Cents ($301,500.00) to the Defendants, Michael E. Whalen and Karen L. Whalen.  *See* Exhibit B.

41. As part of this contract and transaction, the Defendants Michael E. Whalen and Karen L. Whalen executed the Mortgage to secure the Note and the subject property.  *See* Exhibit C.

42. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is the proper holder of the Note and successor-in-interest to Bank of America, N.A., and has performed its obligations under the Note and Mortgage.

43. The Defendants, Michael E. Whalen and Karen L. Whalen, have breached the terms of the Note and Mortgage by failing to properly tender the March 1, 2016 payment and all subsequent payments.  *See* Exhibit E.

44. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is the proper holder of the Note, and is entitled to enforce the terms and conditions of the Note due to its breach by the Defendants, Michael E. Whalen and Karen L. Whalen.

45. The Defendants, Michael E. Whalen and Karen L. Whalen, having failed to comply with the terms of the Note and Mortgage, are in breach of contract.

46. The Defendants, Michael E. Whalen and Karen L. Whalen, are indebted to U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust in the sum of three hundred forty-six thousand, eight hundred sixty and 62/100 ($346,860.62) dollars, for money lent by Plaintiff to the Defendants.

47. The Defendants, Michael E. Whalen and Karen L. Whalen's breach is knowing, willful, and continuing.

48. The Defendants Michael E. Whalen and Karen L. Whalen's breach have caused the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, to suffer actual damages, including, but not limited to money lent, interest, expectancy damages, as well as attorney's fees and costs.

49. The total debt owed under the Note and Mortgage as of September 22, 2016, if no payments are made, is three hundred forty-six thousand, eight hundred sixty and 62/100 ($346,860.62) dollars, which includes Unpaid Principal in the amount of three hundred eleven thousand, four hundred seventy-eight and 37/100 ($311,478.37) dollars; Interest Due in the amount of five thousand, nine hundred eighty-eight and 52/100 ($5,988.52) dollars; Escrow/Impound Advances in the amount of three hundred seventy-seven and 95/100 ($377.95) dollars; FHA/ MI Premium Due in the amount of one hundred and 50/100 ($100.50); Late Charges Due in the amount of two hundred, seventy- two and 51/100 ($272.51); Deferred Amounts total fees in the amount of twenty-eight thousand, six

hundred seventy-five and 91/100 ($28,675.91) dollars; Funds to be Credited in the amount of three hundred fifty-six and 64/100 ($356.64); and Total Advances in the amount of three hundred, twenty-three and 50/100 ($323.50).

50. Injustice can only be avoided by awarding damages for the total amount owed under the Note and Mortgage, and for money had and received, including interest, plus costs and expenses, including attorney fees.

## COUNT IV – QUANTUM MERUIT

51. U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust repeats and re-alleges paragraphs 1 through 50 as if fully set forth herein.

52. Bank of America, N.A., predecessor-in-interest to U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, loaned the Defendants, Michael E. Whalen and Karen L. Whalen Three Hundred One Thousand Five Hundred Dollars and 00/100 cents ($301,500.00). *See* Exhibit B.

53. The Defendants, Michael E. Whalen and Karen L. Whalen, are in default for failure to properly tender the March 1, 2016 payment and all subsequent payments. *See* Exhibit E.

54. As a result of the Defendants' failure to perform under the terms of the Note and Mortgage, the Defendants have been unjustly enriched at the expense of the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust.

55. As such, the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is entitled to relief under the doctrine of *quantum meruit*.

## COUNT V –UNJUST ENRICHMENT

56. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, repeats and re-alleges paragraphs 1 through 55 as if fully set forth herein.

57. Bank of America, N.A., predecessor-in-interest to U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, loaned the Defendants, Michael E. Whalen and Karen L. Whalen, Three Hundred One Thousand Five Hundred Dollars and 00/100 ($301,500.00) cents.  *See* Exhibit B.

58. The Defendants, Michael E. Whalen and Karen L. Whalen, have failed to repay the loan obligation pursuant to the terms of the Note and Mortgage.

59. As a result, the Defendants, Michael E. Whalen and Karen L. Whalen, have been unjustly enriched to the detriment of the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust as successor-in-interest to Bank of America, N.A. by having received the aforesaid benefits and money and not repaying said benefits and money.

60. As such, the Plaintif, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is entitled to relief.

## PRAYERS FOR RELIEF

WHEREFORE, Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, prays this Honorable Court:

a) Issue a judgment of foreclosure in conformity with Title 14 § 6322;

b) Grant possession to the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, upon the expiration of the period of redemption;

c) Find that the Defendants. Michael E. Whalen and Karen L. Whalen, are in breach of the Note by failing to make payment due as of March 1, 2016, and all subsequent payments;

d) Find that the Defendants, Michael E. Whalen and Karen L. Whalen, are in breach of the Mortgage by failing to make payment due as of March 1, 2016, and all subsequent payments;

e) Find that the Party-in-Interest, Michael E. Whalen, is in second position behind the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust;

f) Find that the Defendants, Michael E. Whalen and Karen L. Whalen, entered into a contract for a sum certain in exchange for a security interest in the subject property;

g) Find that the Defendants, Michael E. Whalen and Karen L. Whalen, are in breach of contract by failing to comply with the terms and conditions of the Note and Mortgage by failing to make the payment due March 1, 2016 and all subsequent payments;

h) Find that the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is entitled to enforce the terms and conditions of the Note and Mortgage;

i) Find that by virtue of the Note and Mortgage, the Defendants, Michael E. Whalen and Karen L. Whalen, have been unjustly enriched at the Plaintiff's expense;

j) Find that such unjust enrichment entitles the Plaintiff to restitution;

k) Find that the Defendants, Michael E. Whalen and Karen L. Whalen, are liable to the Plaintiff for money had and received;

l) Find that the Defendants, Michael E. Whalen and Karen L. Whalen, are liable to the Plaintiff for quantum meruit;

m) Find that the Defendants, Michael E. Whalen and Karen L. Whalen, have appreciated and retained the benefit of the Mortgage;

n) Find that it would be inequitable for the Defendants, Michael E. Whalen and Karen L. Whalen, to continue to appreciate and retain the benefit of the Mortgage without recompensing the appropriate value;

o) Find that the Plaintiff is entitled to restitution for this benefit from the Defendants, Michael E. Whalen and Karen L. Whalen;

p) Determine the amount due on said Mortgage and Note, including principal, interest, reasonable attorney's fees and court costs;

q) Additionally, issue a money judgment against the Defendants, Michael E. Whalen and Karen L. Whalen, and in favor of the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, in the amount of three hundred forty-six thousand, eight hundred sixty and 62/100 ($346,860.62) dollars, the total debt owed under the Note plus interest and costs including attorney's fees and costs;

r) For such other and further relief as this Honorable Court deems just and equitable.

Respectfully Submitted,
U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust,
By its attorneys,

Dated: September 9, 2016

/s/ John A. Doonan
John Doonan, Esq. (BBO# 3250)
Doonan, Graves & Longoria, LLC
100 Cummings Center, Suite 225D
Beverly, MA 01915
(978) 921-2670